This is 409-0707 Amanda Hope v. James Hope. We have for the appellate, Jonathan Nessler. Good morning. And for the appellee, Randall Mayne. Please proceed. If I could reserve time for a rebuttal also. You may. The circuit court erred by granting the defendant's motion for summary judgment. The defendant's duty, the defendant's owe a general duty of reasonable care to all persons lawfully on their property. Disposing of litigation by invoking relative and imprecise characterizations such as openness and obviousness is not an adequate substitute for assessing the scope of this duty under the circumstances that are surrounding the injury of Amanda Hope. The defendant's duty required that they anticipate the unreasonable risk of harm to Amanda Hope, notwithstanding the openness and the obviousness of the condition which caused that harm. The defendants must anticipate this because there was reason for them to expect that Amanda Hope would become forgetful of the harm that she had seen on her way into the house. When there is reason to expect harm to visitors from a known or obvious danger, a known and obvious condition, when there is reason for the landowner to expect that a plaintiff will fail to recognize the danger or will become forgetful of the danger, then the duty becomes one to anticipate the unreasonable risk of harm. The genuine issue of material fact in this case exists regarding whether the defendants had reason to expect that Amanda Hope would forget about the existence of the mud on the stairs after the hours she spent inside eating, doing homework, watching television, and sleeping. And therefore, whether the defendants should have anticipated an unreasonable risk of harm to Amanda Hope, notwithstanding the openness and obviousness of the condition causing that harm. When a genuine issue of material fact exists, summary judgment is improper. It should be denied. Did the accident happen at night? It happened in the evening, yes, Your Honor. And was it dark out? It was certainly dusk, whether it was completely dark out or not, I'm not sure, Your Honor. And the distraction isn't guests or anything other than she forgot about the mud? Well, the theory is that there are several exceptions under the distraction doctrine, specifically that a distraction may cause you to not realize the danger or you may become forgetful of the danger that you have previously seen. In this case, Amanda Hope spent an entire day inside and became forgetful of the condition that she had seen on her way into the home. But could she see it when she was going out? The mud that she initially slipped on was on the bottom step. Excuse me, the mud that she saw on the way in was on the bottom step. The mud that she slipped on was on the second-to-top step. She did not see the mud that she slipped on on the second-to-top step. The general rule is that an owner of land is not required to proceed or protect against an injury when the condition complained of is open and obvious. However, this is not a per se bar to enforcing the legal duty on the part of the landowner. If there is reason for the landowner to expect that a person's attention may be distracted or that he will forget of the condition that he has previously discovered, then the general rule concerning open and obvious is accepted. This exception is applied by the Supreme Court of Illinois in Rex Road versus the City of Springfield. In that case, a student is working as a high school manager of a football team. The manager is asked to retrieve a helmet for another player. He goes inside, retrieves the helmet, and on his way back to the field, he falls into a hole that is very open and obvious. He even goes so far as to admit that earlier that day he had seen the hole. Like in this case, he had seen the condition that causes injury. The court, however, determined that it was reasonably foreseeable that a defendant would fail to avoid a risk posed by the hole by becoming momentarily forgetful or distracted, and that the defendant should have anticipated this occurrence. The focus, then, is whether the landowner might reasonably foresee and anticipate the possibility of injury, despite the openness and the obviousness of the condition. The concept of open and obvious does not apply if the owner has reason to expect that the invitee's attention is distracted or that he has become forgetful or that he otherwise will fail to protect himself against the danger. The restatement of torts further illustrates this point. In Section 343A, a drugstore is selling soda pop from a soda fountain. In order to reach the soda fountain, one must overcome a six-inch step. A customer comes in, sees the six-inch step, overcomes the six-inch step, sits down, and orders ice cream. While eating the ice cream, they become forgetful of the six-inch step. They turn around after eating the ice cream, fall. If it can be reasonably anticipated, if it is found that the store should have reasonably anticipated this, then the store is liable to the customer. Under that example, the forgetfulness is separated from the distraction. She eats the ice cream, becomes forgetful, is otherwise undistracted when she turns around, having forgotten about the step, and falls. Would you agree that most many of the distraction cases, the distraction is actually occurring or ongoing at the time that the injury occurs, and that the distraction itself is somehow present at the scene of the fall or injury? I would agree with Your Honor. So in the football manager or student manager case, if he or she happened to be walking across that field not on an errand, but otherwise familiar with the field, and otherwise knowing that the hole existed, not on an errand, not on a... there's no sense of urgency, the distraction would be it's nice weather. What do you think the result would be? I think that the result... A nice weather would be a distraction in Central Illinois. I think that the result under the nice weather would boil down to the same thing that this case boils down to, and that is whether or not the nice weather would cause reason for the defendant to expect that the student would forget about the hole. So I think maybe you're suggesting that you would not be surprised if a jury found against your client, but at the same time you think it's a question of fact. Is that what you're asserting regarding what a reasonable person would find to be a distraction after having spent all day in the house? Would it be reasonable for them to forget what they previously knew? If I can answer your question in two parts. I think that a jury... I think that there's a substantial likelihood of a jury finding in favor of my client. But you couldn't be shocked if they found the other way. It's like I always tell my clients, I guess, that there's always a possibility of zero. So yes, your honor, I believe that there is a chance that the jury would find the other way, and that there is a genuine issue of material fact for them to determine regarding the issue. The real issue in this case boils down to duty. What was the duty of the defendants? The duty in this case was for the defendants to reasonably anticipate the likelihood of harm despite the open and obviousness of the condition causing the harm. The reason that the duty is expanded in scope to encompass this is because there was reason for the defendants to expect that Ms. Hope would have forgotten the danger that she discovered from sitting inside for several hours while eating, watching television, sleeping, and doing homework. What about the warnings that were given to her? I believe that the initial warning would be what she forgot. Throughout the course of the day, whether or not she heard the other warnings, the father and Mr. Samarich talking about the mud on the steps, would certainly be relevant factors for the jury to hear when they were determining whether or not the defendants should have reasonably anticipated that she would still be injured despite the open and obviousness of the condition. However, it must be determined by a trier effect. There is ample evidence on both sides that the defendant may have, through the course of her day, become distracted. There is ample evidence supporting that the defendants should have expected that. So the issue becomes... I'm sorry, you said forgetful before. Is it forgetful or distracted? Well, the distraction is what caused her to be forgetful. She was distracted throughout the day, causing her to forget about the danger. But aren't those just everyday activities? Mundane activities? I would say that oftentimes I fall asleep and I forget about things that I had learned earlier in that day. I think that the sleep is a particularly strong factor to cause somebody to forget something that they had previously learned. This is a home that belonged to her parents. She was there frequently. She would go there and do the same activities that she did today under the same circumstances. Human nature is that when you're repetitive, you oftentimes default. And I believe that the fact that she was in there doing the same things that she normally did through the course of her day caused her, at least on a subconscious level, to become an ordinary day. What do you think that the result would have been in Ward if the Kmart, I think it's Kmart rather than Walmart, but whichever it is, customer, when walking out of the store, instead of carrying a large box or a large appliance, was simply glancing at their cash register receipt. And what they bought was so small that it was in their pockets. And that was all they were doing. And they said something like, well, lots of people look at their register receipt to see if they've been properly charged. And that person just walked right into that pillar and smashed their glasses or broke their nose or somehow injured themselves. I think Your Honor makes a very good point. I think that, yes, the result would be the same for exactly the reason of how Your Honor phrased the question. That people do that? A lot of people do that. Therefore, there is reason to anticipate that somebody would fail to recognize the danger when walking out of the store doing something that everybody does. Then what is left of open and obvious? Because a concrete pillar, it can't get more open and obvious than that. Particularly if you've been in and out of the store at least once, perhaps more. What is left is the determination of what the duty is. And that is, if there's reason to expect a distraction or reason to expect forgetfulness or reason to expect them otherwise failing to protect themselves, then the duty is expanded to encompass it. And open and obvious becomes a question of back to the jury. Was it a contributory negligence issue? In other words, yes, there was reason to expect it. Yes, they should have warned because they should have anticipated the risk of harm despite the open and obviousness. So now the jury decides the fault of the issue. Was the plaintiff over 50% at fault? If so, then the action, of course, is found for the defendant. So we're going to end up with posters on concrete pillars like the things we have on ladders. The ladder warning says ladders can be unsafe. You can fall off of them. And the concrete pillar in front of Kmart or Walmart or Post is going to have a sign on it that says, be careful, you might walk into this if you're not watching where you're going. It all depends on the circumstances surrounding the injury. If the concrete pillar is immediately in front of the door, then yes, there should be a reason to anticipate that someone might be distracted walking out of the store, reading their receipt, and bump into the pillar. If, on the other hand, the pillar is in the middle of the parking lot, directing a light, then there's no reason to anticipate that somebody would go out of their way in order to walk out. This case involves a plaintiff. What if that's where their car was parked? Some people would get more distracted in the parking lot. Have you ever tried to drive around somebody that's walking right down the middle of a lane? They're distracted by carrying their groceries. They're distracted by what are they going to do with the cart. They're distracted by trying to get their keys out of their pocket. And so they walk into one of those sheds that hold the carts, or they walk into a light post. The area of ambulation, so to speak, is an important factor and one of the many factors of whether they should have reason to anticipate the injury. An open parking lot is considerably different than a pillar in front of the only exit to a Walmart or a Kmart, the same as the only exit to a home by going down the steps is different than if the mud would have existed somewhere else in the yard. Can a condition that's within an open parking lot cause there to be reason to anticipate the risk of harm? Absolutely. We see that in Rexroad when that condition is within the path of where they need to go. The student there needed to go from the place where he retrieved the helmet inside the school back to the field. The hole was in the way. They should have anticipated the injury because they knew he had to walk there. In this case, they should have anticipated the injury because they knew that she had to walk there. In fact, they were with her. They were behind her, knew where she was going, knew that... But doesn't Rexroad say that liability lies if the property owner has reason to expect that she will forget what she has discovered? Why should they have reason to suspect that she would have forgotten the mud? Because of the activities that she did inside. They knew that she was inside for several hours. She was several hours removed from the initial warning that the mud was... Did they know what she was doing? Does it matter what she was doing? You're telling me it does. I think that it does matter that she was inside for several hours not looking out the window. If she was inside for several hours watching her mother out the window do the work, watching her mother scrape her feet, that would be a different scenario than if she was inside otherwise entertaining herself. I want to go back to the Smart Jesse warning. Because I thought when I asked you that question, you indicated it was not clear whether your client heard the warning, which was the second warning from Paul Smart Jesse. But the deposition of your client indicates she in fact heard it, so it's undisputed. Her mother warned her, she saw the mud on the steps, and then Paul Smart Jesse also brought up the subject while she was in the house later that day. My intention was not to indicate that she didn't hear the warning. My intention was to indicate that whether or not the warning was sufficient enough to cause the defendant to no longer anticipate the risk of harm is a question for the jury. And a second point that I don't think should be overlooked is the location of the mud itself. She was warned of mud on the bottom step. She previously saw mud on the bottom step. The mud that she slipped on was on the second to top step. Her testimony is that she did not know that there was mud on the second to top step. An owner of land is not relieved of the duty of reasonable care that they owe to an invitee for her protection when the possessor of land should anticipate that a dangerous condition will cause harm to an invitee, notwithstanding the openness and obviousness of that condition. This case should be remanded so that the trier of fact can determine this issue as required by Illinois law. If your honors have any more questions, I'd be happy to answer them. Otherwise, I will... Thank you. Thank you. Mr. Mead. Thank you. Thank you. I've got all kinds of porn book law here on the idea of open and obvious conditions, but I'm sure you've heard it a hundred times before, so I think I'll skip instead to what the real issue here is, and that is whether there is some linkage between distraction and forgetfulness in this restatement exception to the open and obvious rule. Now, I'll mention open and obvious long enough to say that the entrant on the land is charged with the same duty as the landowner as to a condition that they know about, and that's what the case is and the restatement itself says. So it is a question of duty that we're dealing here with on the one hand, on one of the attacks that was presented to the trial court when it granted summary judgment, and the other being a factual attack that is from the absence of sufficient evidence to justify a question of material fact. But what it comes down to, as I see the case, is that the open and obvious doctrine in this case, whether you apply it legally or factually, is going to preclude liability on the defendants here because of the knowledge, because of the warnings, because of the actual observation of the alleged defect by the plaintiff in this case, unless an exception is created that if one simply forgets about what they saw, what they were warned about, then that opens the door, waves the magic wand, so to speak, and legally eliminates the open and obvious doctrine, which the Illinois courts have chosen to follow since time immemorial. I don't think that that's a result the Supreme Court is after as recently as the Lake Michigan cases when they were faced with an attack, again, on the open and obvious doctrine. They said, no, it's open and obvious. You jump in Lake Michigan, there's inherent dangers in that. It's an open and obvious thing. The same with trampoline. Trampoline litigation has been pretty much abolished in this state after that Salami case. And again, that's another case where they said, well, yeah, it's open and obvious, the dangers of a trampoline, but hey, I was distracted, I forgot, and the court there said, no, we're not going to just allow you to say you forgot or you're distracted. What was it? Have some proof. And in this case, I believe that, as Nick was alluding to, there needs to be some sort of linkage between a distraction and forgetfulness. Because if anybody can say, yeah, I knew about this problem, and I just forgot about it. You know, it's sort of the clumsy rule or whatever you want to call it, gee, I forgot about this thing that was so dangerous that I'm claiming that it injured me. Then that does away with the open and obvious doctrine altogether. I think that the case law, and when you look at the facts of the case law, like Ward, like Rex wrote, which I think is badly cited, but that's another story, like Diaper, there is some active distraction going on at the time. In Ward, there's the carrying out of the big things, the reasonable expectation of a commercial enterprise, such as Kmart, that people couldn't blunder into this otherwise obvious post that's standing right there. But what if your client, say, knew that the daughter had a drug problem, and she was inside, forgot because of her drug problem? Would that change the facts here? I don't think it would. I mean, it's not a condition, it's not a distraction of the defendant's making. And I think that that's where, you know, that's why I have problems with Rex wrote, because the distraction there was a distraction really of a third party, or either the plaintiff's making in his haste to do a good job for the football team and run back and forth and get the helmet. He's distracted by the helmet. Or it's a distraction created by the school district. I don't know that it's necessarily a distraction. Who was the defendant, the city in that case? I mean, how did they create the distraction? But that being aside, who am I to say the Supreme Court's wrong in its reasoning, but if you look at the, you know, well, who am I? I always do it anyway. You know, if you're, what's the case? I think it was Divert, and I may be confusing that case. The guy that's coming out of the porta potty at the work site, steps in the trench or the hole, the tire ruts. Oh, I knew they were there, but I was distracted because they throw stuff off the roof. And I was looking up. You know, there's the distraction. I forgot because I was distracted by some active conduct that's going on or some, you know, if not active, a static condition such as the expectation of commercial enterprise that I'm going to be carrying large boxes right in the vicinity of this post that's by the door in between me and the parking lot. Or, you know, create a condition created by the defendant. I'm going to be distracted by people throwing stuff off the roof, and I'm not going to see the ruts that I know are in the ground. Again, active conduct on the part of the defendant in creating the distraction, which causes the forgetfulness. Here we have distraction in Rex Road, which is not mere forgetfulness like on a pleasant spring day, but active conduct which causes one to forget about the hole that the guy fell into. So are you saying the facts would be different if Mom was saying, hey, Amanda, don't forget your shoes? Well, you know, it might be if at that moment in time, you know, after some event the defendant does, you know, and Amanda's going to be walking down looking at the steps. No evidence of that, but instead she turns around to see Mom, who is saying, hey, here's your darts. I don't know. You know, I suppose we can hypothesize something. So what you're saying is the law is there has to be some action on the part of the defendant that creates a distraction, that causes the forgetfulness. It can't just be innately a disability on the part of the defendant or a drug problem or something innate in the plaintiff, rather, something innate in the plaintiff that caused her to forget. I think so, with the exception of if you were at the Hope Center or something and thought that, you know, if there were some, where a mentally disabled person was part of your normal routine or something or business, then you could anticipate some special danger there. But I think you're right. I mean, when I look at the effect of the ruling of the court, you know, if the court is to say, no, if a plaintiff says, oh, I forgot, then we proceed on to trial absent all other considerations. I don't think that's the thing. It seems to me, just from my analysis of these cases, that in both, and it's called the distraction doctrine, really. It's not called the forgetfulness doctrine. It seems to me that there's a distracting element that's not present in this case. It's not just, oh, I forgot. So I think, you know, really, if you adopt an oh, I forgot exception to the open and obvious rule, that exception would swallow the whole rule and the protections that the common law is meant to give to homeowners in this situation. And you said the restatement says nothing about forgetfulness. I'm sorry? The restatement says nothing about forgetfulness? No, the word forget is in there. It's distracted and forget, I believe. Or it may be even in this juncture that I don't have in front of me forget, distract or forget. I mean, that's what this opening is. That's why we're here even arguing about this matter. But I think that this reason compels us to the notion that the forgetfulness must be somehow linked to a distracting element. I don't believe that that distracting element has been shown to be present here. We, you know, we're told, well, the defendant should have known of the distraction of the passage of time, that somehow she would forget. I think that that's sheer speculation. I don't recall any evidence in the record that would support a notion, any questioning of the defendants. Well, you knew that people in your house for a long time, eating, sleeping, sitting, whatever, would forget about this. I don't recall that question being asked or anything else that would create a question of fact about that. I think equally important is the fact of what step of the set of stairs Mudd was on when she saw it and was warned about it later. And the reason I think that's important is, you know, you go down a set of steps, you don't negotiate one step and say, uh-huh, I knew, you know, like in this case, well, gee, I knew there was Mudd on the first step because I saw it. But I am so surprised there was Mudd on another step that I ultimately slipped on. I think that alone is sort of a, well, it's not a good argument. But beyond that, there's no evidence to say, gee, I knew about the Mudd on the first step, so I was looking for it, but I couldn't see the Mudd on the second step or anything like that that would cause the step itself in question to be of an important distinction. Are there pictures of this Mudd? No. There's pictures of steps. I don't know if they made it in the record or not. Yeah, they are. So, I mean, it's a simple set of, I think they were cement steps or concrete steps going up to a traditional landing. And there was, the testimony was there was a light on, porch light was on. So it's not really a darkness case. I don't think that's the claim here. And besides that, I've cited that one case from up north somewhere that says, you know, darkness is not a fact, it's a condition regardless. Yeah, I suppose maybe it's a little flippant, but one of my notes that I was scribbling down as Mr. Ness was talking was, the law doesn't protect the absent. And I think that's what we're dealing with here today. Unless you have some other questions, I think you guys did pretty well. Thank you. Thanks. Mr. Nessian, rebuttal. I'm pleased to support. Thank you. The defendants discussed two different cases during the course of the oral argument. Those cases being Bricholeras, the Lake Michigan case, and Salami, the trampoline case. I'd like to take a moment to distinguish those cases. The important issue here is whether or not the distraction distracted from the condition, or whether or not there was reason to expect that the plaintiff would become forgetful of the condition. The condition in the Lake Michigan case was the lake. The court focused on the fact that how could you be distracted from the lake? How could you forget about the existence of the lake? The condition in that case is an unforgettable and undistractable condition. The Salami case, the trampoline. She was actively jumping on the trampoline. How could she forget about the condition that is the trampoline when she was actively jumping on it? In this case, the condition is mud on the stairs. Amanda Hope spent the entire day inside, well distracted by eating, sleeping, doing homework, and watching television. She forgot about the condition that was the mud on the stairs. Or at least, there was reason to expect that she would forget about the condition that was the mud on the stairs. Because there is reason to expect that she forgot about the condition of the mud on the stairs, the question for the jury becomes, should the defendant have reasonably anticipated the unreasonable risk of harm caused by the condition, notwithstanding its open and obviousness? What about Mr. Meade's argument that, excuse me if I'm misphrasing it, that it has to be active conduct on the defendant's part which creates the distraction, which causes the forgetfulness? Thank you, Your Honor. The restatement does say that it is a distraction or forgetfulness. In order to prevent the idea in the restatement they meant that it had to be a distraction or forgetfulness combined, or an active distraction causing the forgetfulness, they provide the illustration of the drugstore case. In that case, the customer comes in, she sits down and orders the ice cream. While eating the ice cream, the illustration points out, she forgets about the condition. She presumably finishes her bowl of ice cream, stands up. There's no other mention of a distraction. She forgets while eating the ice cream, turns around. Otherwise, without mention of any distraction, falls. There is no active distraction occurring within that case that I can recall. It goes on to state that if it can be reasonably anticipated that this would occur. Did they serve the ice cream? Isn't that the active distraction? They certainly served the ice cream, but the active distraction was over by the time she was injured. In other words, she ate the ice cream, had finished the ice cream, turned around, and when she was reconfronting the condition, the condition that she had forgotten about, the injury occurred. Do you have any case that actually says that? I do not have a case, Your Honor. Only the cases that adopt the brief 343A of the restatement. So is Mr. Meek not right, that the law does not protect the absent-minded? I believe that the law does protect the absent-minded. However, it protects them. Let me rephrase what I just said. I think that the law certainly makes an exception for the absent-minded, but that exception is not an outright summary dismissal of the cause of action. The jury takes into account whether or not the plaintiff was acting with reasonable care for her own safety, and that is how the law deals with absent-mindedness. It doesn't affect, however, what's important in this case, which is the duty that the defendants owe. That duty is reasonable care to all persons who are lawfully on their premises. In order to comply with that duty, when there is reason to expect that the person becomes forgetful of a dangerous condition, that duty must be whether or not the defendant should have anticipated the risk of harm, the unreasonable risk of harm to Amanda Hope, notwithstanding the open and obviousness of the condition. Do you concede that you're asking us to carry the distraction or the open and obvious exception further than any other cases we've seen? I don't believe that I am, Your Honor. I believe that Rex Road, when talking about the exception itself, clearly quotes that it's whether or not they're distracted, whether or not they have forgotten, or whether or not they will otherwise fail to protect themselves. The third being a catch-all that both Ward and Rex Road quote as being what the exception actually is, distraction or forgetfulness or otherwise fail to protect themselves against the danger, which of course is also an element of the cause of action that I must prove, that the plaintiff, that the defendant knew that they would fail to protect themselves against the injury. Wasn't she actually holding on to the handrail? She was holding on to the handrail, yes, Your Honor. Your time is up. Thank you. Thank you, Your Honor. We'll take this matter under advisement and recess for a few short moments.